IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                          OPINION AND ORDER

Plaintiff,

                                                         03-cr-175-bbc
                                                         10-cv-61-bbc

v.

DAVID NELSON,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant David Nelson has filed a motion for post conviction relief under 28 U.S.C. § 2255. Defendant pleaded guilty to one count of possession of equipment/chemicals/materials to manufacture methamphetamine and was sentenced on November 24, 2004 to a term of 120 months. On August 24, 2005, the Seventh Circuit Court of Appeals remanded the case for re-sentencing to correct an error in the sentencing guideline calculations. On November 30, 2005, defendant was resentenced. At both sentencing hearings, I found that defendantwas be a career offender under the Sentencing Guidelines because the offense of conviction was a felony controlled substance offense and defendant had three prior offenses that met the criteria for a crime of violence (two of which

1

were crimes of escape)  About three years later, the Supreme Court decided in Begay v. United States, 128 S. Ct. 1581 (2008), that the term "violent felony" applied only to conduct that involves "purposeful, violent and aggressive conduct." Id. at 1588.  The Court was interpreting the meaning of "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and not under the sentencing guidelines, but it uses the same definition for the term in both situations.  United States v. Templeton, 543 F.3d 378 (7th Cir. 2008).

Begay differed from defendant's circumstances because the prior felony under consideration was a drunk driving case, rather than an escape.  However, in Chambers v. United States, 129 S. Ct. 687 (2009), the Court extended the holding of Begay to the crime of failing to report to serve a sentence, finding that such crimes did not involve conduct that presented a serious potential risk of physical injury to another. Relying on Begay and Chambers, defendant argues that he should not have been sentenced as a career offender in 2004 or at his resentencing in 2005.

If defendant were being sentenced today, it might have been error to treat his failure to return to jail as a violent felony.  (To decide that, I would have to know more than I do now about the circumstances of his escape.)  The question is whether he is entitled to be resentenced more than three years after his conviction became final on about December 10, 2005, when his time for appealing expired without his filing an appeal.  The only way he could be eligible for resentencing is if (1) he filed a timely motion for resentencing *and* (2)

2

he can show that the holdings in Begay and Chambers have retroactive effect, that is, that they apply to cases that became final before they were decided.

Defendant cannot make either showing. 28 U.S.C. § 2255(f) establishes a one-year period of limitations that begins running from the latest of certain dates. The one under which defendant is proceeding gives him one year from "the date on which the right asserted was recognized initially by the Supreme Court"; in other words, defendant's motion would be timely only if had been filed it within one year after the Supreme Court decided in Begay and Chambers that the term violent felony applied only to conduct that had both a serious potential risk of physical injury and involved serious, violent and purposeful conduct. The later of the two cases, Chambers, was decided on January 13, 2009; defendant filed this motion more than a year later, on February 2, 2010. Thus, defendant's motion is untimely under § 2255(f).

Defendant argues that Begay and Chambers have retroactive effect, but I have held to the contrary in other cases. In Teague v. Lane, 489 U.S. 288, 310 (1989), the United States Supreme Court held that, with two exceptions, new constitutional rules of criminal procedure will not be applicable to cases that have become final before the rules are announced. The exceptions are limited to (1) new rules that prohibit criminal punishment for certain types of primary conduct and (2) those that amount to "watershed" rules of criminal procedure, that is, those "new procedures without which the likelihood of an

3

accurate conviction is seriously diminished." Id. at 313.

For defendant, the only effect of Begay and Chambers is on the calculation of his sentencing guidelines. For that reason, neither of the Teague exceptions applies. The new rulings do not make substantive changes in the law or involve a "watershed" rule. McReynolds v. United States, 397 F. 3d 479, 481 (7th Cir. 2005) ( holding that decision in United States v. Booker, 543 U.S. 220 (2005), related only to calculation of sentencing guidelines and was not retroactive because it did not make any primary conduct lawful and did not fundamentally improve fairness and accuracy of criminal process). See also United States v. Giggey, 551 F.3d 27, 36 n.3 (1st Cir. 2008) (noting that change in treatment of "violent felony" was not retroactive substantive change in law).

ORDER

IT IS ORDERED that defendant David Nelson's motion for vacation of his sentence pursuant to 28 U.S.C. § 2255 is DENIED as untimely. Defendant is not entitled to a certificate of appealability because he has not made a substantial showing of the denial of

a constitutional right.

Entered this 12th day of February, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge